IN THE DISTRICT COURT OF WOODWARD COUNTY
STATE OF OKLAHOMA

FILED
WOODWARD COUNTY, OKLAHOMA
MAY - 3 2006
JENNY HOPKINS, COURT CLERK
BY _____ DEPUTY

KENNY J. BOWERS and ) 
MELISSA ANN BOWERS, )
 )
      Plaintiffs, )
 )
vs. ) Case No. CJ-2006-30
 )
NORTH SAFETY PRODUCTS, L.L.C., and/or )
NORCROSS SAFETY PRODUCTS, L.L.C., )
and/or NORTH SAFETY PRODUCTS, INC.; )
John Doe, Unknown Distributor of the North )
Air Purifying Respirator; John Doe, Unknown )
Trainer of the North Air Purifying Respirator, )
 )
      Defendants. )

## PETITION

Plaintiffs, Kenny J. Bowers and Melissa Ann Bowers ("Plaintiffs"), for their claims against the Defendants, collectively referred to herein as "North," allege and state as follows:

## VENUE

1. This action seeks monetary damages for injury and damages and other loss against Defendants.

2. The amount in controversy, exclusive of interest and costs, exceeds $10,000.00.

3. This Court has jurisdiction of this action and venue is proper in Woodward County pursuant to applicable Oklahoma Statutes based upon, among other things, the damage having occurred within Woodward County.

## PARTIES

4. Plaintiffs, Kenny J. Bowers and Melissa Ann Bowers, are individuals and residents of the State of Oklahoma.

EXHIBIT 1

5. Defendants, and/or their related parent companies, subsidiaries, affiliates and entities are foreign corporations/businesses or limited liability companies and are manufacturers and/or distributors of safety products or personal protective equipment, including air purifying respirators. Said Defendants can be served with process by and through the registered service agent for North.

6. Defendant North has held itself as having the largest manufactured production of safety and personal protective equipment in the world, with its headquarters in Cranston, Rhode Island.

7. Defendant North has claimed to sell more than 7000 products in world markets under certain brand names, including "North" and "North Products". Such products include respirators designed and manufactured by or on behalf of Defendant North and/or its subsidiaries. Defendant North, as a core business, has claimed that the respirators perform at the industry's highest levels of efficiency, precision, convenience, reliability, comfort and protection.

## GROUNDS FOR RECOVERY

8. On or about May 4, 2004, Kenny Bowers utilized a respirator (hereinafter referred to as the "respirator") bearing the product or trade name of North, believed to be Model No. 7700 Series, and manufactured, assembled, and/or distributed by the North Defendants.

9. The respirator was designed, assembled, manufactured, distributed, and/or sold by Defendants, singularly or collectively.

10. It is believed that manual for the respirator bore the logo of Defendant North and also the identity of Defendant North.

11. The respirator was placed in the stream of commerce by Defendants and Defendants reasonably anticipated or expected that the respirator would enter interstate commerce.

12. At the time the subject respirator was placed in interstate commerce, the Defendants could presume or reasonably foresee that the potential market for the respirator and similar models designed, assembled, manufactured, distributed, and/or sold by Defendants would be Oklahoma, as well as any other part of the United States in which the same or similar model of respirator designed, assembled, manufactured, distributed, and/or sold by Defendants were available through or otherwise sold to consumers and utilized by individuals such as the Plaintiff Kenny J. Bowers.

13. On or about May 4, 2004, the respirator designed, assembled, manufactured, distributed, sold and/or supplied by Defendants or their authorized agents and purchased by the Plaintiff Kenny J. Bowers' employer and used by Kenny J. Bowers in the course of his employment, failed, and caused significant damage to the Plaintiffs. The incident giving rise to the respirator's failure occurred in Woodward County, Oklahoma.

14. The damages suffered by the Plaintiffs were the direct and proximate result of a dangerous and/or defective product in that the respirator designed, assembled, manufactured, distributed, sold and/or supplied by Defendants or their agents, servants, and/ or employees, was defective in its design, manufacture, assembly, warnings and packaging. Said defects existed when the device left the hands of Defendants making the product unreasonably dangerous beyond the contemplation of the ordinary user and Defendants are, therefore, strictly liable, jointly and/or severally, for all damages sustained by the Plaintiffs under the doctrine of manufacturers products liability.

15. The product was further defective in that the respirator was not reasonably fit for the ordinary purpose for which such type of products are intended or may reasonably be expected to be used.

16. Defendants further breached the applicable implied and/or expressed warranties, including warranties of merchantability and fitness for a particular purpose, and failed to warn the Plaintiffs of the potential dangers associated with the operation, maintenance and/or use of the respirator.

17. The risks of harm associated with the defective and/or dangerous product are not risks that ordinary users such as the Plaintiffs would reasonably expect.

18. Defendants were further negligent in the design, assembly, manufacture, and/or sale of the respirator and similar products and Defendants negligently failed to warn potential users of the product about the dangerous or defective nature of the product or similar products of which Defendants knew or should have known.

19. As the direct and proximate result of the conduct or actions of Defendants, the Plaintiffs suffered damages and have incurred other financial expenses, including personal injury, loss of consortium, medical expenses, loss of income and emotional distress and other damages as a result of the described acts, failures, breach, or omissions, all of which exceed an amount in excess of $10,000.00.

20. Plaintiffs are, therefore, entitled to recover such injuries and damages from Defendants, jointly and severally, under all applicable legal or equitable theories, including breach of warranty, negligence, and manufacturers products liability.

WHEREFORE, Plaintiffs, Kenny J. Bowers and Melissa Ann Bowers, respectfully request this Court enter judgment against the Defendants, and their related parent companies,

subsidiaries, affiliates and entities, jointly and severally, in an amount in excess of $10,000.00, together with an award of interest, costs, attorney's fees, and such other relief as may be deemed just and equitable. With regard to the damages and the claims for recovery asserted herein, Plaintiffs specifically reserve the right to amend their Petition and seek any and all further relief or grounds of recovery, at law or in equity, to which they may be entitled, including, but not limited to, an action for punitive damages.

ATTORNEY LIEN CLAIM

        Respectfully submitted,

*[signature]*
Kyle E. Goerke (OBA #12108)
MULINIX OGDEN HALL
  ANDREWS & LUDLAM
A Professional Limited Liability Company
109 North Weigle
Watonga, OK 73772
(580) 623-8790 – Telephone
(580) 623-8791 – Facsimile

Attorney for the Plaintiffs